UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| TWILA CHANDLER, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| v. ) | Case No.   4:15-cv-01382-KOB |
| ) | |
| COMMISSIONER, SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

On February 22, 2018, the magistrate judge entered a report recommending that the court affirm the decision of the Social Security Administration denying Title II Social Security benefits to the claimant.  (Doc. 17).  On March 5, 2018, the claimant filed objections to the magistrate judge's report and recommendation.  (Doc. 18).

In her objections, the claimant specifically challenges the magistrate judge's findings that the Appeals Council adequately considered the 2013 records from Dr. Gary Mellick; that the 2014 medical opinions from Dr. Jay Ripka submitted to the Appeals Council were not material; and that the ALJ correctly gave little weight to the claimant's treating physician Dr. Ulrich. (Doc. 18).

After careful consideration of the record in this case, the court agrees with the magistrate judge that the Appeals Council erred in finding that Dr. Ripka's 2014 medical opinion was not chronologically relevant.  For the reasons explained by the magistrate judge in his report, the court finds that Dr. Ripka's 2014 medical opinion was chronologically relevant.  However, the court disagrees with the magistrate judge's finding that Dr. Ripka's 2014 medical opinion was immaterial.

Dr. Ripka physically examined the claimant and reviewed of all her medical records "submitted to the Social Security Administration on this claim." Dr. Ripka's physical examination showed a positive straight leg raising test; atrophy in the muscles of her lower leg; decreased muscle strength in the lower and upper extremities; "marked atrophy of the muscles of the right foot"; muscle spasms in her toes upon plantar flexion in the right foot; and a "somewhat waddling gait." Dr. Ripka noted that the claimant has "herniated nucleus pulpous, spinal stenosis, limitation of motion in the spine, atrophy with associated muscle weakness, and positive straight leg raise. She has an MRI which shows evidence of nerve root compression." Based on these findings, Dr. Ripka specifically opined that he "reviewed the requirements for Listing 1.04 and claimant meets this Listing." (R. 12).

The ALJ only wrote three sentences in the section explaining why the claimant does not meet a Listing. The ALJ indicated that he based his decision in part on the fact that no doctor "has concluded that the claimant has an impairment severe enough to meet or equal a listing." The ALJ also stated that "[n]o subsequent evidence has been submitted that would alter the previous conclusions that the claimant does not have any impairment severe enough to meet or equal a listing." (R. 34). The ALJ did not discuss any particular Listing, and did not even mention or assess specifically Listing 1.04 regarding "Disorders of the Spine." To meet Listing 1.04A, the claimant must have "evidence of nerve root compression characterized by neruo-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising rest (sitting and supine)." SSR 1.04A.

If the ALJ had Dr. Ripka's medical opinion and Dr. Mellick's objective medical records before him, Listing 1.04A may have come into play in the ALJ's decision. Those records create a reasonable *possibility* that the ALJ could have reached a different decision as to whether the claimant met Listing 1.04A. At the very least, the ALJ would have to explain specifically how and why the claimant did not meet Listing 1.04A and substantial evidence would have to support that decision.

The magistrate judge took issue with Dr. Ripka's finding that the claimant had a herniated nucleus pulpous because the magistrate judge concluded that the claimant's MRIs indicate only a bulging disc. The magistrate judge did acknowledge in a footnote that Dr. Nelder diagnosed the claimant with "lower lumbar discs herniation," but Dr. Nelder's records only noted "bulging" discs at L4-5. (Doc. 17 at 19). Whether the claimant's MRI showed bulging or herniated discs, Listing 1.04A can also be based on spinal stenosis with evidence of nerve root compression. The 2013 MRI, EMG, and nerve conductions tests from Dr. Mellick that the ALJ did not have before him show "severe left foraminal stenosis" and disc bulge at L1-L2 and chronic radiculopathies or nerve root compressions in several areas in her spine. These objective medical tests, along with the claimant's medical records as a whole, could support Dr. Ripka's medical opinion that the claimant's back impairment is severe enough to meet Listing 1.04.

Although a finding of whether the claimant meets a Listing is one reserved for the Commissioner, Dr. Ripka's opinion and the objective medical records from Dr. Mellick create a reasonable *possibility* that the ALJ may have reached a different decision had he evaluated that evidence. Because Dr. Ripka's medical opinion was new, chronologically relevant, and material, the Appeals Council failed to adequately evaluate this evidence and a remand is warranted.

3

After careful consideration of the magistrate judge's report and recommendation, and the claimant's objections, the court SUSTAINS the claimant's objections regarding the Appeal Council's evaluation of Dr. Ripka's medical opinion; ADOPTS IN PART AND REJECTS IN PART the magistrate judge's report; and finds that the decision of the Commissioner is due to be REVERSED and REMANDED.

The court will enter a separate order in conformity with this Memorandum Opinion.

**DONE** and **ORDERED** this 27th day of March, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE